NOVEMBER 19, 1801.

# Benj. and William Daniel *v.* Robert Pogue.

*Upon an appeal from a decree of the Danville District Court.*

1. Where the vendor of a tract of land fraudulently misrepresents the location and quantity of the land, a court of equity will rescind the contract of sale.

2. Where the vendor of a body of land, sold at a given price per acre, represented it as containing a certain number of acres, when in fact it contained a much greater quantity, the chancellor can not set off to the vendee the number of acres represented by the vendor to be in the tract, but will rescind the transaction altogether upon equitable terms.

The appellants, who were complainants in the court below, have founded their equity on two points: 1st. Fraud and deception practiced on them by the appellee in the sale of land they purchased from him. 2dly. That the appellee, contrary to equity, has obtained judgment at law for the balance of the price of the land, which remained unpaid, before he had extinguished other legal claims which interfere with several parts of it. This court conceives that the fraud and deception alleged are clearly proven, both as to the quantity of land and the situation of some of its lines and corners, which makes it unnecessary to investigate the second point. The principal object of the appellants appears to be to induce the court to sever the contract, or to cause the land to be so divided that they may not be compelled to keep and pay for more of it than they were induced by the appellee to believe the whole of it would measure. But as neither the contract nor the land consists of several distinct parts, no general principle can be devised which would authorize such a severance, and to keep all the land and only pay for a part of it, is not requested by the appellants, nor would it be authorized by equity. Therefore, it seems that the most effectual relief within the power of the court is altogether to dissolve the contract, and subject each of the parties to such reasonable conditions as the circumstances of the case require.

Wherefore, it is decreed and ordered, that the said decree of the district court be reversed, it being repugnant to the foregoing

Daniel *v.* Pogue.

opinion, and that the said contract, as more fully set forth in the appellants' bill, and the articles of agreement therein referred to and made part of the same, be dissolved; that the appellee do pay unto the appellants their costs expended in the prosecution of this suit in this court and in the said district court—also their costs expended in defending the appellee's suit at law for the recovery of the money accruing on the contract—and that the injunction to stay all further proceedings thereon, so far as it is now in force, be perpetual. And it is further decreed and ordered, that the appellants, or their heirs, deliver to the appellee, his heirs or assigns, possession of the said land on or before the twenty-fifth day of December, which shall be in the year one thousand eight hundred and two, and that the appellee repay, or cause to be repaid, to the appellants, on or before the twenty-fifth day of June next, the several sums of money which they have advanced to him in part of the price for the said land, with interest thereon, at the rate of six per centum per annum on each sum, from the time it was paid until it shall be repaid. Provided, however, that if the appellee fails to repay, or cause to be repaid, the said several sums of money with interest therefor as aforesaid, on or before the twenty-fifth day of June next, then the appellants shall not be compelled to yield possession of the land until the expiration of six calendar months from the time the repayment shall be made, nor at any time until they or their legal representatives are paid the full value of the crop which may then be growing on the land. Provided, also, that should the said several sums of money and interest as aforesaid not be paid or tendered on or before the twenty-fifth day of June, which shall be in the year one thousand eight hundred and three, the said appellee or his heirs shall then make, or cause to be made, to the said appellants, their heirs or assigns, a good and sufficient deed in fee simple, with general warranty, for the whole of the said land, upon their completing payment therefor, to him or them, for four hundred and thirty pounds lawful money of the State of Kentucky. And it is further decreed and ordered, that this suit be remanded to the said district court that, at the costs of the appellee, it may forthwith cause valuations to be made, as the law directs, of the rents which ought to be allowed by the complainants for the said land, from the time they took possession thereof under the said contract until the said twenty-fifth day of December, one thousand eight hundred and two, and of all unnecessary waste and destruction of timber by them or their

orders committed thereon since the commencement of that period; and, likewise, that it cause to be valued all lasting improvements, by clearing ground, erecting houses, or otherwise, and enter the return of both on its record, and at the same time enjoin the appellants from thereafter committing any unnecessary waste or destruction on the said land; after which no further valuation shall be made, except of such waste or destruction, and of the crop growing on the land as aforesaid. And it is further decreed and ordered, that if the difference between the amount of the said valuations shall be in favor of the rents, waste and destruction before mentioned, the appellee shall retain the balance out of the said repayment to be made by him; and if the difference between the amount of the said valuations shall be in favor of the before-mentioned improvements, it shall be paid to the appellants at the time herein prescribed for the repayment of the moneys which by them have been paid in part of the price of the land and the interest therefor, and shall be considered as an addition to their amount, be subject to the same provisions, and carry interest as aforesaid from the last-mentioned time. And, finally, it is decreed and ordered, that this suit shall be kept open until the purposes of this decree are accomplished; and the said district court shall make such further decrees and orders therein as contingencies may make requisite, which is ordered to be certified to the said court.